## Babich v. Duryea School District.

J. Gordon Mason, for plaintiff; Robert L. Coughlin, for defendant.

McLean, P. J., Dec. 17, 1929.—Plaintiff tax collector and defendant school district have presented a case stated to determine the compensation of the tax collector for the collection of the school taxes for the fiscal year 1927-1928. The salient facts as submitted are as follows:

"3. That in the month of November, 1925, the plaintiff was duly elected tax collector of Duryea borough and ex-officio tax collector of the Duryea School District.

"4. That in the month of May, 1926, by resolution passed at a regular meeting of the Duryea School Board, the commission of plaintiff as tax collector for the school year 1926-1927 was fixed at four per cent.

"5. That the plaintiff had been tax collector of the Duryea School District since the year 1917, and that each year prior to 1927 his commission had been

fixed by the Duryea School Board in the month of May, and that said commission all the years was never less than three per cent. nor more than five per cent.

"6. That in the year 1927 the Duryea School Board assessed and levied the school tax in accordance with the law and furnished to the plaintiff on or before the first Monday of July, 1927, a tax duplicate and a proper warrant directing him to collect the school taxes for the school year 1927-1928.

"7. That the said Duryea School Board did not fix the tax collector's commission for the school year 1927-1928 at that time.

"8. That, pursuant to said warrant and tax duplicate, the plaintiff collected the following amounts upon the following dates and turned the same over to George Pradel, treasurer of the Duryea School Board:

"September 1st, 1927........................... $3,420.00
October 1st, 1927.............................. 96,730.30
November 1st, 1927............................ 2,770.92
December 1st, 1927............................ 1,325.72

"Making a total of one hundred four thousand two hundred forty-six dollars and ninety-four cents ($104,246.94).

"9. That by check dated September 7, 1927, the plaintiff received one hundred thirty-six dollars and eighty cents ($136.80), being his commission at four (4%) per cent. on his collection dated September 1, 1927, in the amount of three thousand four hundred twenty dollars ($3,420.00)."

Section 554 of the School Code provides as follows:

"In all school districts of the second, third and fourth class, all school tax collectors shall be paid such commissions or compensation as may be determined by the boards of school directors; such commissions or compensation to be paid by proper orders drawn on the school treasurer, as other accounts are paid by any school district."

It will be observed that no time is fixed within which the compensation of a tax collector must be determined. The proper conduct of the business of the board would, however, require that this be done before the duplicate and warrant are delivered to the tax collector, which section 549 of the Code requires shall be done on or before July 1st in each year. The tax collector could then, if dissatisfied with the compensation fixed, refuse to accept the duplicate and warrant and the board could then appoint another collector, or the tax collector could accept the duplicate under protest and petition the court to fix a reasonable compensation.

The failure of the board to fix the compensation before the duplicate and warrant were delivered to the tax collector did not serve to fix the compensation at the rate which had been allowed for the collection of the taxes of the previous year (Folk v. Mt. Penn Borough School District, 30 Dist. R. 591). On the contrary, the acceptance of the duplicate and warrant without protest by the tax collector constituted an implied agreement by him to accept such commission as the board might determine, but it was still incumbent upon the board to formally fix the commission to be allowed, and the payment of Sept. 7th, as set forth in paragraph 9, supra, cannot be construed as a determination of the commission to be paid the tax collector for any other taxes than those to which the payment is specifically applied. The payment itself is of doubtful legality, for the case stated does not show a compliance with section 315 of the Code, which requires that the board shall have first acted upon and approved payment of any item of expenditure before an order shall be drawn therefor.

Upon Dec. 4, 1927, the commission of the tax collector was formally fixed by the board at 2 per cent., and this action controls the question at issue, notwithstanding the taxes were collected before that date. In accordance, therefore, with the form of judgment as submitted in the case stated—

Judgment is entered in favor of plaintiff and against the defendant in the sum of $2084.94.

From Frank P. Slattery, Wilkes-Barre, Pa.